UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

John Ashcroft, Attorney General of the
United States; **Immigration Naturalization
Service** (INS); Bureau of Prisons (BOP);
Monica Wetzel, Warden-BOP; Doris Meissner,
Commissioner-INS; Fred Alexander, District
Director-INS; Juan Campos, Asst. District
Director-INS,

                       Respondents,

      -vs-

**ALBERTO SOMOHANO-SOLER**,

                    Petitioner.
_____/

Case No. 02-23570 (To be assigned)

CIV-UNGARO

MAGISTRATE JUDGE
SORRENTINO

**[WRIT OF HABEAS CORPUS §2241]**

Petitioner Alberto **Somohano-Soler**, in proper person and pursuant to **28 USC §2241**, hereby files this Writ claiming **(A)** deprivations to statutory rights on a Immigration [removal order] that is **contrary to law** and voided due to a state drug offense that does not qualify as an **"aggravated felony"** conviction <u>and</u> claiming **(B)** deprivations to Constitutional rights under due process and equal protection of the **Fifth** Amendment and under Cruel and Unusual Punishment of the **Eighth** Amendment to the U.S Constitution, and also requesting **judicial review** of a discretionary decision on a removal order.

In support thereof, Petitioner states:

I

**STATEMENT OF THE CASE AND FACTS**

1. On July 03, 1969, Petitioner with his parents arrived from Cuba. Petitioner became a LPR in 1971, # **A18-754-610**. Petitioner mother, father, brothers and sister are all U.S. citizens.

2. On or about 1991, petitioner was served with notice from the lmmigration Naturalization Service (hereinafter INS), advising petitioner of proable deportation due to a state drug conviction that allegedly qualify as an aggravated felony.[1]

3. On or about 1993 a Immigration Judge (hereinafter IJ) denied petitioner discretionary relief under 8 USC §1182(c) waiver. The Board of lmmigration of Appeals (hereinafter BIA), affirmed the IJ decision in 1993. Between 1993 and 1994, the 11th Circuit Court of Appeals denied judicial review due to petitioner failure to pay the docket fees.

4. Petitioner while confined in state prison, was placed under an order of supervision by INS offial in Oct. 1995. Petitioner was released from prison on March of 1997.

5. Petitioner is presently confined in the Bureau of Prisons (hereinafter BOP), on a unrelated case since Nov. 2000.[2]

6. Petitioner removal order from the INS is still outstanding due to petitioner Cuban nationality.

    This petition now follows;

---

1   State case no. 90-3448, In for Dade County Florida, Miami.

2   Case no. 00-1018-Jordan.

## II

### JURISDICTION

7. This Court has jurisdiction to entertain this Habeas §2241 claiming Statutory and Constitutional violations.[3] Further, this Court also has jurisdiction to entertain pre-IIRIRA discretionary decisions from the BIA under §2241.[4]

## III

### STATEMENT OF THE CLAIMS

8. Petitioner has been deprived of both his Statutory and Constitutional Rights under the 5th and 8th Amendments.

### A

**WHETHER PETITIONER STATE DRUG OFFENSE IS VOIDED TO BE CONSIDER AN [AGGRAVATED FELONY] WHEN THE STATE DRUG OFFENSE STATUTE OF CONVICTION, THE INFORMATION CHARGED THE JURY INSTRUCTION SUBMITTED, AND THE UNCONSTITUTIONAL JURY-VERDICT RENDER, FAILED TO REVEAL A QUALIFYING "AGGRAVATED FELONY" CONVICTION UNDER IMMIGRATION LAWS**

---

[3] INS v. St.Cyr, 533 US 289 (2001).

[4] Kurfees v. INS, 275 F.3d 332, 375 (4th Cir. 2001), citing Mayers v. INS, 175 F.3d 1289 (11th Cir. 1999)

[Removal Proceeding]

**B**

WHETHER (1) PETITIONER WAS DEPRIVED OF HIS DUE PROCESS AND SELF-INCRIMINATING RIGHTS UNDER THE 5TH AMENDMENT WHEN A BIAS IJ FORCED PETITIONER TO ANSWER QUESTIONS THAT WOULD INCRIMINATE PETITIONER IN A PENDING CASE, OR BE DENIED RELIEF, WHETHER (2) THE REMOVAL ORDER UNDER PETITIONER CIRCUMSTANCES CONSTITUTES CRUEL PUNISHMENT UNDER THE 8TH AMENDMENT, AND WHETHER (3) THE BIA AFFIRMANCE OF THE IJ's DENIAL OF DISCRETIONARY RELIEF WAS AN ABUSE OF DISCRETION WHEN WEIGHING ALL THE FACTORS INVOLVED.

[Constitutional Challenge]

**C**

WHETHER PETITIONER, DUE TO THE CIRCUMSTANCES OF HIS CASE, WAS DEPRIVED OF HIS EQUAL PROTECTION RIGHT UNDER THE 5TH AMENDMENT AND WAS INFLICTED CRUEL AND UNUSUAL PUNISHMENT UNDER THE 8TH AMENDMENT BY 8 USC §1231(a)(2) AND §1232(a)(4) RESTRICTING AND LIMITING AUTOMATIC CITIZENSHIP TO PERSONS UNDER (18) YEARS OLD.

## MERITS

A. <u>Petitioner state drug conviction does not qualify as an "aggravated felony" conviction under immigration and federal laws</u>;

In determining whether a prior conviction should be considered a aggravated felony

both the Circuit Courts of Appeal[5] and the BIA[6] observes the anaytical model construed by the Supreme Court in Taylor v. U.S.[7] Under Taylor, courts do not examine the conduct underlying the prior offense, but "look only to the fact of conviction and the statutory definition of the prior offense".[8] Taylor also permits courts to go beyond the mere fact of the conviction in a narrow range of cases.[9] For instance, when the state statute reaches both conduct that would constitute a qualify conduct and conduct that would not, the court may look beyond the statutory language to judicial noticable facts, such as charging information or [jury instruction], that clearly establishes that conviction is a predicate offense.[10] However, if the statute and the judicially noticable facts would allow a defendant to be convicted of a offense other than that defined as a qualify offense, then the conviction does not qualify as a predicate offense. Id.

---

[5] Emile v. INS, 244 F.3d 183 (1st Cir. 2001); Ming Lam Sui v. INS, 250 F.3d 105 (2nd Cir. 2001); Drake v. Zimski, 240 F.3d 246 (3rd Cir. 2001); U.S v. Zavala, 214 F.3d 601 (5th Cir. 2000); Bazan-Reyes v. INS, 256 F.3d 620 (7th Cir. 2001); U.S v. Rodriquez, 979 F.2d 138 (8th Cir. 1992); U.S v. Rivera-Sanchez, 247 F.3d 905 (9th Cir. 2001)(en banc); U.S v. Reyes-Castro, 13 F.3d 377 (10th Cir. 1993).

[6] In re Bahta, Interim Dec. 3437, 2000 WL 1470462 (BIA 2000); In re Perez, Interim Dec. 3432, 2000 WL726849 (BIA 2000).

[7] 495 US 575 (1990)

[8] 495 US at 602

[9] 495 US at 602

[10] 495 US at 600-02

Petitioner was charged for violating Florida statute §893.123 (1987). The statutory language of this drug offense are as follow; knowingly sale, deliver, purchase, manufacture, bring into the state, or possession of a controlled substance. Petitioner statute of conviction reaches both conduct that would constitute a qualify conduct and conduct that would not. Knowingly [possessing] a controlled substance, although a felony under state law, is not a felony under immigration laws nor a felony under federal law.[11] Thus, it is not an aggravated felony.[12]

Turning now to the Taylor's alternative analysis following a ambiguous statute on a qualifying conduct, the next step is reviewing judicial noticable facts, such as charging information or jury instruction. Petitioner charging information outlines the same ambiguous conduct/elements as did the statute of conviction.[13] Under Taylor, the only and [final] evidence now left to consider under Taylor is petitioner's state trial court jury instructions.

The trial judge in petitioner's state court trial instructed the jury on the same ambiguous conduct/elements as in the statute and the charging information. Far worst, and

---

[11]   In re Robin Juraine Crammond Interim Decision 3443, cite 23 I&N Dec. 9 (BIA 2001)

[12]   Gerbier v. Holmes, 280 F.3d 297 (3rd Cir. 2002) and U.S v. Pornes-Garcia, 171 F.3d 142 (2nd Cir. 1999)(affirming Aguirre v. INS, 79 F.3d 315(2nd Cir 1996). But see, U.S. v. Hernandez, 251 F.3d 505 (5th Cir. 2001). However, the 5th Circuit in Hernandez should not be consider in conflict with the 2nd and 3rd Circuits because the court avoided the Chevron U.S.A Natural Resources v. Defense Council, 467 US 837 (1984) analysis for immigration concerns on interpretation of deportable offenses. Hernandez 251 F.3d at 509 n.3. Contrary to immigration standards, see In re K-V-D, 1998 WL 1186808 (BIA 1999) and this Circuit case of Lettman v. Reno, 207 F.3d 1368 (11th Cir. 2000) and mandated in by INS v. Aguirre-Aguirre, 526 US 415 (1999).

[13]   EXHIBIT (A)

crucial to the Taylor's analysis, the trial judge instructed the jury on only (3) elements of the crimed charged when previously mentioning that there was 4 elements under Florida law.[14] The state trial judge omitted the Fourth element, which was that petitioner knew the substance was cocaine.[15] Under Florida law such failure to instruct on the fourth element constitute fundamental error.[16] Thus, under the circumstances here, petitioner in reality was not even convicted of a crime nor in any event, a felony under state law.[17]

Based on the defective jury instruction/verdict in petitioner's state trial, petitioner would like to pose the following question;

**HOW CAN A UNCONSTITUTIONAL JURY INSTRUCTION/ VERDICT THAT FAILED TO DEFINE A FELONY DRUG OFFENSE UNDER STATE LAW SATISFY A "AGGRAVATED FELONY" CONVICTION UNDER THE TAYLOR ANALYSIS?**

There will be the need to answer the question here.[18]

---

14
    Petitioner remember's correctly his jury instruction because he once litigated the error in his habeas §2254 filed in this District. 94-187-CV-Atkins.

15
    State case. 90-3448, trial judge A. Synder, transcript pages, 496-97. Dec. 05, 1990.

16
    Domiguez v. State, 509 So.2nd 917 (Fla. 1987); Arboleda v. State, 645 So.2nd 48 (3rd DCA 1994), which during petitioner's trial also mandated that petitioner intended to possess a controlled substance.

17
    Petitioner does not understand why he wasn't given the relief that was due in this claim raised in his habeas §2254 petition. Petitioner was not convicted of a crime.

18
    Since petitioner state drug conviction was determine valid under federal law when his habeas §2254 was dismissed, will there be a different standard when such conviction could still be consider invalid for determining a aggravated felony conviction [or] is it instead that the denial of petitioner's habeas §2254 was a grave mistake? Petitioner would surely want some answers.

**Clearly**, in this case not only does the statute of conviction and judicial noticable facts would allow petitioner to be convicted of a offense other than one defined as a "aggravated felony"[19] but also and far worst, such judicial evidence reveals that petitioner was never convicted of a crime nor a felony under state law.[20]

Petitioner was not convicted of an "aggravated felony"[21]

---

[19] "Rule of lenity" in favor of the alien due to a ambiguous immigration statute. St.Cyr, supra.

[20] "One cannot suffer the disabilities associated with having been convicted of a aggravated felony. This, of coarse, means that there must be a judicial determination beyond a reasonable doubt of "every element of a felony" or a constitutionally valid plea that encomposed each of those elements" Steele v. Blackman, 236 F.3d 130, 136-37 (3rd Cir. 2001).

[21] This Circuit case of US v. Simon, 168 F.3d 1271 (11th Cir. 1999) does not hold otherwise. It espoused a contrary view in the sentencing guidelines context. Furthermore, the sentencing guidelines at issue was amended after the ruling in Simon, in which it expanded the definition of the term "drug trafficking" to mean a felony under federal law since it outline the elements under the felony statute of federal law. The amendment to the guidelines took effect after the ruling in Simon, §2L1.2 effective Nov. 01, 2001. Thus Simon, becomes inapplicable after Nov. 01, 2001 on the sentencing guidelines context. In other words Simon is not even good law for the sentencing guideline issue. Moreover, Simon never referred to the Chervon deference on immigration statute mandate by Aguirre-Aguirre, supra. And especially under the facts on this case of the unconstitutional jury instruction/verdict analysis under Taylor.

**B.** [Constitutional violations]: **(1)** <u>A bias IJ depriving petitioner of due process and deprivations to self-incrimination under the 5th Amendment</u>, **(2)** <u>Removal order constitute cruel punishment under the 8th Amendment</u>, and **(3)** <u>Denial of discretionary relief under 8 USC §1182(c) was an abuse of discretion</u>;

**(1)** During petitioner's removal proceedings, the IJ requested information from petitioner concerning petitioner involvement in his criminal case, however, petitioner objected, stating that he had a pending case in Indiana still open related to the present case at issue in the hearing. The IJ nonetheless, informed petitioner that he must answer the questions or be denied relief under §1182(c) waiver. Petitioner continued to object. The IJ then became hostile and bias by threatening denial of relief. Petitioner had no choice but to answer all question posed. At the end, relief was denied due to a bias IJ after the 5th Amendment confrontation.

Clearly, petitioner was deprived of due process on the basis of a bias IJ.[22] Further, although is clear that a alien cannot invoke his 5th Amendment right to self-incrimination during removal proceedings, such right must and sill can be exercised when the questions posed will incriminate the alien in a criminal matter.

Thus, in this case, petitioner was deprived also of his 5th Amendment right to self-incrimination.[23]

**(2)** Under the circumstances of petitioner's case, if removed to Cuba, petitioner will

---

[22] Reno v. Flores, 507 US 292, 296 (1993).

[23] The BIA addressed the 5th Amendment question, however, they didn't address the merits, since they have no jurisdiction. Johnson v. Robinson, 415 US 361 (1974).

sustain enormous disabilities.  The Child Citizenship Act[24], was enacted for one purpose and evidence in the following;

> There are trajic cases where children of U.S parents never nationalized because of inadvertence, are facing deportation because of a crime they have committed. While these children must face their punishment, to deport them to countries with which they have no contact, no ability to speak the language, and no family know to then is [needlessly cruel]. "We must be sure that this never happens again"

146 Cong. Rec. H7778 (daily Ed. Sept. 19, 2000)[25]

The Child Citizenship was implemented to [avoid] the removal of individuals like petitioner from the United States.  The Congressional <u>intent</u> was clear, **"We must be sure that this never happens again"**

In this case, petitioner will be inflicted cruel punishment under the 8th Amendment of the U.S Constitution if he his removed to Cuba.[26]

---

[24] Repealed §1432 and amended §320 of the INA (8 USC §1431) Pub. L. No. 106-395, §101, 114 Stat. 1631 (2000).

[25] Congressman Gejdenson

[26] Fong Yue Ting v. U.S, 13 S.Ct 1016 (1893); Calson v. Landon, 72 S,Ct 525 (1952); US v. Circella, 216 F.2d 33, 40 (7th Cir. 1954); Reno v. American Arab, 119 S.Ct 936 (1999)

(3) In excercising discretion, an IJ must determine whether to grant section §1182(c) relief based on all the facts and circumstances of a particular case, taking into acoount the social and humane considerations presented in an applicants favor and balancing them against the adverse factors that evidence the applicants undersirability as a permanent residence. In re Edwards, Interim Dec. No. 3134 (1990).

In this case the evidence clearly shows that petitioner should have been granted §1182(c) relief, however, since he represented himself and invoked his 5th Amendment rights to incriminated questions, the IJ denied relief just because he didn't like petitioner's character. Thus, the BIA abused its discretion without a rational explanation when it affirmed the IJ's bias decision ordering petitioner removed to Cuba.[27]

---

[27] Due to petitioner present circumstances he is not able to obtain his petition that was filed in the BIA. This Court has the power to order respondents to produce both a copy of his BIA petition and the BIA order so that this Court can properly determine petitioner's allegations in this claim.

C. <u>UnConstitutionality of 8 USC §1432(a)(4) and §1431(a)(3)</u>:

It is clear that the Congressional intent when repealing §1432 and amending §1431 with the Child Citizenship Act was to avoid cruel punishment to individuals like in petitioner's case,[28] however, Congress has forgotten to completely fill all its gaps. By restricting and limiting §1431(a)(3) to children under 18 years old, Congress has deprived petitioner equal protection under the laws, and most significant, has allowed the cruel infliction to escape when their intentions was to avoid such results.

There's evidence demonstrating that Congress, when enacting the Child Citizenship Act, was on the correct coarse that would have avoid such cruel punishment of depotation to all children, over 18 years old also, of American birth or naturalized citizens. It is founded in a press release, that explained;

> By granting automatic naturalization to minor children of U.S citizens, the Delahunt bill would prevent the deportation of certain aliens from occurring in the future. His original legislation would also have permitted children over 18 years -such as.... Herbert-to avoid deportation by applying for naturalization under existing law. But while Delahunt was unable to win agreement to include this provision in the final bill........

Press Release, News from Congressman Bill Delahunt(Sept. 19, 2000)

---

[28] Claim (B)(2), herein.

The Congressional failure to also all §1431(a)(3) to children over 18 years old, render's §1431 unconstitutional. When Congress voiced its purpose of §1431, in echoing the words "We must be sure that this never happens again". Congress should have instead voiced the words, **"We must be sure that this does not happen"**. It will happen if petitioner is removed to Cuba.

In conclusion, Congress intentions to avoid harsh circumstances to individuals like in petitioner's case was not completely fulfilled when it enacted the Child Citizenship Act, thus, such failure render's §1431 unconstitutional in depriving petitioner equal protection under the laws and for inflicting cruel punishment under the 8th Amendment.

## IV

### CONCLUSION

9. Wherefore, petitioner respectfully requests that this Court grants this writ by cancelling petitioner's removal order and remanding this cause to the INS for the proper proceedings and/or grant any other relief it deems just and reasonable.

Respectfully Submitted,

ALBERTO SOMOHANO-SOLER
#66584-004
FDC-Miami PO BOX 019120
Miami, Fl 33101-9120

I declare under the penalty of perjury that the foregoing was true and correct.

ALBERTO SOMOHANO-SOLER

Filed this 15th day of Dec. 2002 by being placed in the inmate mailbox located in the 7th floor, unit West at FDC-Miami.

ALBERTO SOMOHANO-SOLER

-13-

**EXHIBIT    (A)**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,

IN AND FOR DADE COUNTY

FALL TERM, 1989

THE STATE OF FLORIDA

vs.

ALBERTO SOLER

INFORMATION FOR

I. TRAFFICKING IN COCAINE
893.135 Fel.

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

    **ERIC GRUMAN**, Assistant State Attorney of the Eleventh Judicial Circuit, on the authority of JANET RENO, State Attorney, in the County of Dade, alleges the above-stated charge(s) on the following Information:

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true copy of the original on file in this office. AUG 27 2002 AD 20___
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk

EG:ysj
3/1/90
CIRCUIT COURT DIRECT FILE
Jail No. 8956, Bkd. 1/24/90, Jkt. No. 448776
90-3448
J/SNYDER(63)

1

COUNT I

I, ERIC GRUMAN, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, information makes that ALBERTO SOLER, on the 24th day of January, 1990, in the County and State aforesaid, did knowingly sell, manufacture or deliver and/or was knowingly in actual or constructive possession of 400 grams or more of COCAINE, or any mixture containing COCAINE, as described in Florida Statute 893.03(2)(a), in violation of 893.135 Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

**STATE OF FLORIDA:**
**COUNTY OF DADE:**

Personally appeared before me, ERIC GRUMAN, Assistant State Attorney for the Eleventh Judicial Circuit of Florida, who, being first duly sworn, says that this prosecution is instituted in good faith and certifies that the State Attorney of the Eleventh Judicial Circuit of Florida has received testimony under oath from the material witness or witnesses for the offense, and the allegations as set forth in the foregoing information, if true, would constitute the offense therein charged.

Assistant State Attorney
Eleventh Judicial Circuit of Florida
Florida Bar Number 607060

Sworn to and subscribed before me this ___1___ day of MARCH, 19 90



Richard P. Brinker, Clerk
Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County

By: _____, D.C.

3

/50
261

| [X] IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA. |||
|---|---|---|
| [ ] IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA. |||
| DIVISION<br>[X] CRIMINAL<br>[ ] OTHER | JUDGMENT<br>___ Probation Violator     ___ Retrial<br>___ Community Control Violator   ___ Resentence | CASE NUMBER<br>90-3448 |
| THE STATE OF FLORIDA    VS.<br><br>ALBERTO SOLER<br><br><br>PLAINTIFF                          DEFENDANT | | CLOCK IN<br>FILED<br>DEC 19 1990 |

The Defendant, __ALBERTO SOLER__, being personally before this Court represented by __R. SOTORRIO__, his attorney of record, and the State represented by __T. Mc CORMICK & M. MILIAN__, Assistant State's Attorney, and having

__X__ Been tried and found guilty   ___ Entered a plea of guilty   ___ Entered a plea of nolo contendre

to the following crime(s):

| COUNT | CRIME | OFFENSE STATUTE NUMBER | DEGREE OF CRIME | OBTS NUMBER |
|---|---|---|---|---|
| 1 | TRAFFICKING IN COCAINE (400 grams or more) | 893.135 | 1F | |

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing
original on file in this office. AUG 27 2002 AD 20___
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk _____

RECORDED
DEC 19 1990
Clerk of Circuit
& County Courts

and no cause being shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

Page 1 of __5__

A.T.

CLK/CT401 3/90 METRO-DADE/GSA MAT MGT

354        OFF. REC. BK
           14829 PG 0912